*19*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**
APR 1 3 2011
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MIC...

UNITED STATES OF AMERICA,

No. 11-20124

Plaintiff,

HON.

-vs-

**OFFENSE(S):** 26 USC §7201 - Attempt
to Evade and Defeat Tax

D-1 DAVID DOUGLAS BLACK,

**MAXIMUM PENALTY:** 5 years

Defendant.

**MAXIMUM FINE:** $250,000

_____/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant DAVID BLACK and the government agree as follows:

1. **GUILTY PLEA**

   **A.    Count of Conviction**

   Defendant will enter a plea of guilty to **Count One** of Information, which charges attempt to evade and defeat tax.

   **B.    Elements of Offense**

   The elements of Attempt to Evade and Defeat Tax as to Count 1 of the Information:

*First*: That the Defendant owed substantially more tax than he reported on his 2004 tax year income tax return because he intentionally failed to report income;

*Second*: That the Defendant knowingly and willfully attempted to evade or defeat such tax.

The proof need not show the precise amount of the additional tax due as alleged in the indictment, but it must be established beyond a reasonable doubt that the Defendant knowingly and willfully attempted to evade or defeat some substantial portion of such additional tax as charged.

The word "attempt" contemplates that the Defendant had knowledge and an understanding that, during the particular tax year involved, he had income which was taxable, and which the Defendant was required by law to report; but that he nevertheless attempted to evade or defeat the tax, or a substantial portion of the tax on that income, by willfully failing to report all of the income which he knew he had during that year.

## C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient for the defendant's guilty plea and the defendant agrees that the government could prove them at trial: David Black, a licensed Michigan attorney, was the owner of Black, Black and Black, a law firm located in Port Huron, Michigan. During 2004, David Black did wilfully

- 2 -

divert income received by Black, Black and Black to his own personal use for which he did not fully claim as part of his personal income. David Black diverted income by writing checks, making cash withdrawals, or having checks written from the Black, Black and Black business and client trust accounts, which he had made payable to himself, his wife, or various other business in order to pay his personal expenses. Additionally, David Black diverted income belonging to Black, Black and Black by taking client cash payments paid to Black, Black and Black. David Black would take this business cash, and the checks written from the business account, and use this money for his own personal benefit, all in an attempt to evade the payment of personal income tax.

Further, David Black failed to deliver all the records of these diversions to his accountant which would have enabled the accountant to prepare a complete and accurate personal tax return. Specifically as to Count 1 of the indictment, on or about April 15, 2005, David Black, a resident of Michigan willfully attempted to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year of 2004. As part of his 2004 tax return, David Black claimed that his gross income was only $319,866 when in reality the gross amount was approximately three times that amount (approximately $1,080,075.). Black

- 3 -

engaged in various acts to hide such a diversion of funds from detection when he improperly diverted income from his law firm of Black, Black and Black, and he then under reported approximately $760,209 in income on his return which resulted in an estimated tax loss, due and owing to the United States, of $270,941. The total estimated tax loss, due and owing to the United States for purposes of relevant conduct is $457,800.00, based on defendant's tax returns for both 2004 and 2005.

2.   **SENTENCING GUIDELINES**

A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.   **Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is 24-30, as set forth on the attached worksheets. If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 24-30, the higher guideline

- 4 -

range becomes the agreed range.  However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

**3.**     **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

**A.**     **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) the parties recommend to the Court that the sentence of imprisonment in this case not exceed the midpoint of the sentencing guideline range as described in Paragraph 2B.

**B.**     **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. The Court may impose any term of supervised release up to the statutory maximum term, which in this case is **3 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that

results from any later revocation of supervised release.

**C.     Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

**D.     Fine**

There is no agreement as to fines.

**E.     Restitution**

The Court may order restitution to every identifiable victim of defendant's offense(s) and all other relevant conduct.   The victims, and the full amounts of restitution in this case, are as follows:

United States of America for taxes due and owing in the amount $457,800.00 plus interest and penalties.

**4.     OTHER CHARGES**

If the Court accepts this agreement, the government will not bring: 1) any other criminal charges against the defendant concerning any tax returns for the tax years 2003, 2004 and 2005; 2) any criminal charges against Mary Black, defendant's wife, regarding any such returns.

**A.     Filing of Return**

The defendant agrees to file accurate individual (and corporate, if applicable) income tax returns (original or amended) for the tax years 2003, 2004 and 2005

within 120 day from his guilty plea and prior to the time of sentencing. Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to the defendant's returns after they are filed.

Upon request, defendant will make himself/herself available to the Internal Revenue Service for a face to face interview and will provide the Service with all documentation requested for the purpose of a civil audit.

### Cooperation with the Internal Revenue Service

The defendant agrees to cooperate with the Internal Revenue Service in the determination of the defendant's income tax liability for the tax years 2003, 2004 and 2005. Cooperation is defined to include the following:

1. Face to face interview with a representative of the Internal Revenue Service Examination Division within 60 days of sentencing or at a time set by the examining agent.

2. At the request of the Internal Revenue Service, the defendant will provide source documentation relevant to the returns at issue. Source documentation includes, but is not limited to, bank records including checks, books and records of related businesses, substantiation for deductions and expenses claimed, names and addresses of individuals for which payments were made, and investment records.

3. The defendant will file any other income tax returns currently due within 90

days of sentencing. This provision pertains to any unfiled returns for any other tax years.

4. Defendant agrees that he is liable for fraud penalty under 26 U.S.C. 6663 or 6651(f).

## Internal Revenue Service Forms

1. The defendant agrees to submit prior to the sentencing Form 433-A, Collection Information Statement for Wage Earners and Self Employed Individuals, and if applicable, Form 433-B, Collection Information Statement for Businesses.

2. The defendant agrees to submit prior to the sentencing a Consent to Disclose Taxpayer Information for the years at issue and subsequent years to allow the Internal Revenue Service to disclose taxpayer information of the defendant to the United States Attorney's Office for the Eastern District of Michigan and the United States Probation Department. The above are IRS forms that we will provide to your office.

## 5.     EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This

- 8 -

is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

6.  **RIGHT TO APPEAL**

If the sentence imposed falls within the guideline range allowed by defendant in Paragraph 2B, above, defendant waives any right to appeal his conviction or sentence. If the sentence imposed is above that range, defendant retains his right to directly appeal the Court's guideline determination. The government agrees not to appeal any sentence within the guideline range it has recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range.

7.  **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA) OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not

- 9 -

filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.    **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9.    **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court.  Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property,  by the United States or any other party.

**10.**  **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on January    , 2011. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_____          _____
DANIEL LEMISCH                    RONALD W. WATERSTREET
ASSISTANT UNITED STATES ATTORNEY  ASSISTANT UNITED STATES ATTORNEY
CHIEF, CRIMINAL DIVISION


DATE:


BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS.   HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HER QUESTIONS ANSWERED BY HIS LAWYER.

_____          _____
N.C.DEDAY LARENE                  DAVID DOUGLAS BLACK
ATTORNEY FOR DEFENDANT            DEFENDANT

DATE: 3-2-11

- 11 -

# WORKSHEET A   (Offense Levels)

**Defendant:** David Douglas Black _____   **Count(s):** One _____

**Docket No.:** _____   **Statute(s)** 26 U.S.C.§ 7201 _____

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all  "closely related" to each other within the meaning of  U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2T1.1 | Tax Evasion    (Total - $457,800.00) | 20 |
| | | |
| | | |
| | | |
| | | |

## 2.   ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**20**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*     **X**

*If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

**Instructions**  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts.  "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.


1.   **GROUP ONE:** COUNTS _____          [ unit ]
     ADJUSTED OFFENSE LEVEL

2.   **GROUP TWO:** COUNTS _____          [ unit ]
     ADJUSTED OFFENSE LEVEL

3.   **GROUP THREE:** COUNTS _____          [ unit ]
     ADJUSTED OFFENSE LEVEL

4.   **GROUP FOUR:** COUNTS _____          [ unit ]
     ADJUSTED OFFENSE LEVEL

5.   **TOTAL UNITS**          [ units ]


6.   **INCREASE IN OFFENSE LEVEL**

     | 1 unit ➔ no increase | 2½-3 units ➔ add 3 levels |
     |---|---|
     | 1½ units ➔ add 1 level | 3½ -5 units ➔ add 4 levels |
     | 2 units ➔ add 2 levels | >5 levels ➔ add 5 levels |

     [          ]


7.   **ADJUSTED OFFENSE LEVEL OF GROUP
     WITH THE HIGHEST OFFENSE LEVEL**          [          ]


8.   **COMBINED ADJUSTED OFFENSE LEVEL**          [          ]

     Enter the sum of the offense levels entered in Items 6 and 7.

(rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):    _____

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):        **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):        **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):        **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |

*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

**    A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

(WORKSHEET C, p. 2)

**2.** **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

_____

**3.** **COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

_____

**4.** **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

_____

_____

**5.** **TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

0

**6.** **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

I

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**

| 20 |

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

| -3 |

**3.   TOTAL OFFENSE LEVEL**

| 17 |

Enter the difference between Items 1 and 2.

**4.   CRIMINAL HISTORY CATEGORY**

| I |

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

**5.   CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.   GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

| 24-30 months |

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

| months |

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

**1.**   **PROBATION  (U.S.S.G. ch. 5, pt. B)**

      **a.**   Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

            [X]    1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

            [ ]    2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

            [ ]    3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

      **b.**   Length of Term of Probation  (U.S.S.G. § 5B1.2)

            [ ]    1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

            [ ]    2.   No more than 3 years (total offense level < 6).

      **c.**   Conditions of Probation  (U.S.S.G. § 5B1.3)

          The court must impose certain conditions of probation and may impose other conditions of probation.

**2.**   **SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

            [X]    **a.**   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

            [ ]    **b.**   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

**3.**   **IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

      A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

<span style="float:right">(rev. 06/99)</span>

**(WORKSHEET E, p. 2)**

4.    **SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)**

      a.   <u>Imposition of a Term of Supervised Release</u>  (U.S.S.G. § 5D1.1)

         The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

      b.   <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

☐   1.   At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒   2.   At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐   4.   The statute of conviction requires a minimum term of supervised release of _____ months.

      c.   <u>Conditions of Supervised Release</u>  (U.S.S.G. § 5D1.3)

         The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.    **RESTITUTION (U.S.S.G. § 5E1.1)**

☐   1.   The court will determine whether restitution should be ordered and in what amount.

☒   2.   Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute.  (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is **$ 457,800.00** .

☐   3.   The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

☐   4.   The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☐   5.   Restitution is not applicable.

**(rev. 06/99)**

(WORKSHEET E, p. 3)

6.    FINE  (U.S.S.G. § 5E1.2)

      a.  Fines for Individual Defendants

          The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

      b.  Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

              **Minimum Fine**              **Maximum Fine**

          $   5,000                     $   250,000

7.    SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

      The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

              $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
              $ 25.00 for every count charging a Class A misdemeanor,
              $ 10.00 for every count charging a Class B misdemeanor, and
              $  5.00 for every count charging a Class C misdemeanor or an infraction.

      The defendant must pay a special assessment or special assessments in the total amount of  $   100.

8.    ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

      List any additional applicable guideline, policy statement, or statute.

9.    UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

      List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.   None.

                                                                              (rev. 06/99)